**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOSE ANTONIO VASQUEZ; and
CARMEN D. BAEZ,

      Plaintiffs,

v.                                                          Case No. 6:14-cv-1077-Orl-37KRS

UNITED STATES OF AMERICA,

      Defendant.

**ORDER**

This cause is before the Court on the following:

1. United States of America's Motion to Dismiss (Doc. 9), filed November 17, 2014; and

2. Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss Complaint (Doc. 18), filed December 1, 2014.

Upon consideration, the Court finds that the motion is due to be granted.

**BACKGROUND**

In this Federal Tort Claims Act ("FTCA") action, *see* 28 U.S.C. § 1346, Plaintiffs assert negligence, vicarious-liability, and loss-of-consortium claims against Defendant, the United States, for allegedly deficient medical treatment administered at Department of Veterans Affairs ("VA") hospitals in Puerto Rico and Orlando. (*See* Doc. 1, ¶¶ 22–79.)

Defendant moves to dismiss for lack of subject-matter jurisdiction, arguing that Plaintiffs' Puerto Rico claims are untimely and the Orlando claims are premature. (*See* Doc. 9 (citing Fed. R. Civ. P. 12(b)(1)).) Plaintiffs oppose. (Doc. 18.) The matter is ripe for the Court's adjudication.

## STANDARDS

Federal courts have limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations and internal quotation marks omitted). In the context of FTCA actions, federal courts have subject-matter jurisdiction only over claims for which plaintiffs have exhausted their administrative remedies. *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject-matter jurisdiction, and a factual attack under that rule raises that challenge "irrespective of the pleadings." *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). In resolving a 12(b)(1) factual attack, a court is "free to independently weigh facts" and consider evidence outside of the pleadings, so long as its conclusions do not implicate the merits of the plaintiff's claims. *Id.* at 925. Courts are to presume that they lack subject-matter jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations and internal quotation marks omitted).

## DISCUSSION

Plaintiffs bring their claims pursuant to the FTCA. "The FTCA is a specific waiver of the sovereign immunity of the United States and must be strictly construed." *Phillips v. United States*, 260 F.3d 1316, 1318 (11th Cir. 2001). As a jurisdictional prerequisite to bringing suit under the FTCA, a plaintiff must "present" his claims to the appropriate federal agency within two years of the claims' accrual, the federal agency must deny the claims in writing, and the plaintiff must file suit within six months of the

denial. *See* 28 U.S.C. §§ 2401(b), 2675(a); *Turner*, 514 F.3d at 1200. A plaintiff "presents" claims by filing executed copies of Standard Form 95 ("SF-95"), which serve as written notifications of allegedly tortious incidents. *See Turner*, 514 F.3d at 1198 n.1 (citing 28 C.F.R. § 14.2).

Here, Plaintiffs have filed four SF-95s that relate to the allegations in their Complaint. The first two, filed June 7, 2013 (Doc. 1-1), and June 12, 2013 (Doc. 1-2), allege multiple misdiagnoses and mistreatments from physicians at the VA hospital in Puerto Rico. The VA reviewed the allegations in those SF-95s and denied Plaintiffs' claims on August 26, 2013. (*See* Docs. 1-3, 1-4.) Accordingly, pursuant to 28 U.S.C. § 2401(b), Plaintiffs had until February 26, 2014, to timely file FTCA claims arising out of those SF-95 denials. Plaintiffs did not file this action until July 3, 2014 (*see* Doc. 1)—over four months after the February 26 deadline—and thus this action is untimely to the extent that it arises out of Plaintiffs' first two SF-95s.

Plaintiffs filed their second two SF-95s on June 25, 2014. (*See* Doc. 9, pp. 10–13.) Those SF-95s build upon the prior two and allege malpractice beginning at the VA hospital in Puerto Rico and continuing at the VA Hospital in Orlando. (*See id.*) Both parties represent that the VA is still investigating the June 25, 2014 SF-95s. (*See id.* at 7; Doc. 18, pp. 5–6.) Because the VA's written denial of the claims in those SF-95s is a jurisdictional prerequisite to bringing Plaintiffs' corresponding FTCA claims, this FTCA action is premature to the extent that it arises out of Plaintiffs' pending SF-95s. *See* 28 U.S.C. § 2401(b); *Turner*, 514 F.3d at 1200.

Given that all four of the SF-95s underlying this action are untimely, this action is due to be dismissed. Plaintiffs request that, in lieu of dismissal, the Court stay this action

until the VA either adjudicates their second two SF-95s or its investigation period expires and Plaintiffs can treat the VA's non-adjudication as a denial of their claims. (*See* Doc. 18, pp. 5–6); *see also* 28 U.S.C. § 2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."). Plaintiffs contend that, at that time, this action will mature and the Court can proceed without jurisdictional deficiencies. (*See* Doc. 18, p. 6.) However, *McNeil v. United States* forecloses that route. *See* 508 U.S. 106, 112–13 (1993). Under *McNeil*, the FTCA requires "complete exhaustion" of administrative remedies "*before* invocation of the judicial process," without exception. *See id.* (emphasis added). Post-filing exhaustion, regardless of its certainty or expediency, does not vest the Court with jurisdiction to hear a prematurely filed FTCA claim. *See id.* at 113. Plaintiffs' request is therefore denied.

Finally, Plaintiffs raise a series of arguments designed to persuade the Court that their claims, if untimely, should not be dismissed with prejudice. (*See* Doc. 18, pp. 4–5.) Those arguments are unnecessary. District courts lack subject-matter jurisdiction over untimely FTCA claims. *See Turner*, 514 F.3d at 1200. When a district court lacks subject matter jurisdiction, it has no power to adjudicate the merits of an action, and thus all dismissals must be without prejudice.[1] *See Crotwell v. Hockman-Lewis Ltd.*,

---

[1] This is not to say that Plaintiffs may refile subsequent FTCA claims based on their first two SF-95s; the six-month post-denial window for filing those claims has closed and will not reopen. The Court notes in particular that Plaintiffs attempt to invoke the "continuous-treatment" doctrine for the proposition that the Puerto Rico VA claims raised in their first two SF-95s were tolled and thus should not be dismissed with prejudice. (Doc. 18, p. 5.) This argument is flawed in several respects. First, the U.S. Court of Appeals for the Eleventh Circuit has, to date, never adopted the continuous-treatment doctrine. *See McCullough v. United States*, 607 F.3d 1355, 1361 (11th Cir. 2010) ("We express no views about the doctrine's applicability in this circuit."). Second, the

734 F.2d 767, 769 (11th Cir. 1984).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. United States of America's Motion to Dismiss (Doc. 9) is **GRANTED**.

2. This action is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is **DIRECTED** to terminate all pending deadlines and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 23, 2014.

*[signature]*

ROY B. DALTON JR.
United States District Judge

Copies:

---

continuous-treatment doctrine tolls *accrual* of a plaintiff's malpractice claims while he is under the continuous treatment of the physician who allegedly committed the malpractice. *See id.* 1361–62. As addressed above, to be timely, FTCA claims must both be presented to the appropriate federal agency within two years of accrual *and* must be filed within six months of that agency's denial. *See* 28 U.S.C. §§ 2401(b), 2675(a); *Turner*, 514 F.3d at 1200. In this case, Plaintiffs' claims based on their first two SF-95s are untimely for failure to meet the latter requirement, not the former, and the continuous-treatment doctrine cannot cure that deficiency. Accordingly, while the Court dismisses without prejudice all of Plaintiffs' claims—which were not expressly delineated in the Complaint by locale or by their supporting SF-95s (*see* Doc. 1, ¶¶ 61–79)—Plaintiffs should be cognizant that their first two SF-95s can no longer form the basis for an FTCA claim in a subsequent action. Whether and to what extent the allegations in their second two SF-95s encompass the malpractice alleged in Puerto Rico is a matter best left to the VA or to a court in a subsequent, timely action.

Counsel of Record